Jack Poulson, Esq.
**POULSON & WOOLFORD, LLC**
636 Harris Street
Juneau, Alaska 99801
Alaska Bar No. 8711104
(907) 586-6529 (Tel)
(907) 586-6329 (Fax)
jack@poulsonwoolford.com

Attorneys for Plaintiff
CODY GRIGG

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA
### AT ANCHORAGE

| | |
|---|---|
| CODY GRIGG, an individual<br><br>Plaintiff,<br><br>vs.<br><br>F/V DEER COVE, U.S. Coast Guard Official Number 925243, her engines, tackle, apparel, furniture, fishing rights, permits, licenses, cargo and appurtenances, *in rem*; CHRIS BOURGEOIS, an individual; SUSAN BOURGEOIS, an individual; BOURGEOIS, INC, an unknown business entity, *in personam*; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 3:22-CV-           (      )<br><br>**AT LAW AND AT ADMIRALTY**<br><br>**SEAMAN'S COMPLAINT WITHOUT PREPAYMENT OF COSTS, 28 U.S.C. § 1916**<br><br>**JURY TRIAL REQUESTED** |

COMES NOW Plaintiff CODY GRIGG (hereinafter "Plaintiff"), and complains *in rem* against Defendant F/V DEER COVE and *in personam* against Defendants CHRIS

SEAMAN'S COMPLAINT FOR PERSONAL
INJURIES – JONES ACT; UNSEAWORTHINESS;
MAINTENANCE AND CURE; AND STATUTORY
WAGES
Case No.                                                                 1

BOURGEOIS, sued herein as an individual and as Captain/Master of F/V DEER COVE; SUSAN BOURGEOIS, an individual; BOURGEOIS, INC., an unknown entity; and DOES 1 through 20, inclusive, (collectively referred to hereinafter as "Defendants"), and alleges in this Complaint as follows:

## I.

## **GENERAL ALLEGATIONS**

1. Jurisdiction in this case is based on 46 U.S.C. § 30104 (formerly 46 U.S.C. §688 ("Jones Act"), Diversity Jurisdiction under 28 U.S.C. § 1332 and the Admiralty and Maritime Jurisdiction of this Court under 28 U.S.C. § 1333. Venue in this District is proper because *in personam* Defendants CHRIS BOURGEOIS, SUSAN BOURGEOIS and BOURGEOIS, INC. are subject to personal jurisdiction in this District as, among other things, the accident giving rise to the complaint arose out of transactions in this District and said Defendants otherwise conduct business within the boundaries of this District and within the United States. Further, *in rem* Defendant F/V DEER COVE is or will be within this District during the pendency of this action.

2. Plaintiff CODY GRIGG ("Plaintiff"), an individual, was at all times herein mentioned, a seaman and entitled under the provisions of 28 U.S.C. § 1916 to bring this complaint without prepayment of costs or posting of bond.

3. At all times relevant to this action, Plaintiff was a citizen of the United States with his place of residence in Jesup, Georgia and was temporarily living and working in Alaska as a commercial fisherman and was working on commercial fishing vessel F/V DEER COVE ("Vessel), based in Cordova, Alaska.

4. At all times relevant, *in personam* Defendants' vessel, F/V DEER COVE ("Vessel"), was and is a commercial fishing vessel, documented under the flag of the United States with U.S. Coast Guard Official Number 925243, fishing upon navigable waters of the Pacific Ocean. At all times relevant, the Vessel sailed on voyages to and from a U.S. port. and was at least 20 gross tons as measured under 46 U.S.C. §§ 14502, 14302, and 14104.

SEAMAN'S COMPLAINT FOR PERSONAL
INJURIES – JONES ACT; UNSEAWORTHINESS;
MAINTENANCE AND CURE; AND STATUTORY
WAGES
Case No.                                   2

5. Plaintiff is informed and believes that at all times relevant, Defendants CHRIS BOURGEOIS, SUSAN BOURGEOIS, BOURGEOIS, INC. and DOES 1 through 20, inclusive (herein referred to collectively as "Defendants") were and are individuals and business entities doing business in Cordova, Alaska. Plaintiff is further informed and believes and thereon alleges that Defendants CHRIS BOURGEOIS and SUSAN BOURGEOIS were and are the alter egos of Defendant BOURGEOIS, INC. in that, among other things, there existed a co-mingling of funds between Defendants CHRIS BOURGEOIS, SUSAN BOURGEOIS and BOURGEOIS, INC.; there was no liability insurance to cover crewmember claims; there was undercapitalization of BOURGEOIS, INC., by Defendants CHRIS BOURGEOIS and SUSAN BOURGEOIS; and, there was failure to observe BOURGEOIS, INC.'s corporate formalities by Defendants CHRIS BOURGEOIS and SUSAN BOURGEOIS. All of the foregoing acts or omissions are such that injustice will occur absent a finding of alter ego liability on the part of Defendants CHRIS BOURGEOIS and SUSAN BOURGEOIS.

6. Plaintiff is informed and believes that at all times relevant, Defendant CHRIS BOURGEOIS was the Captain/Master of the Vessel and as such, is sued herein under 46 U.S.C. section 30103.

7. Plaintiff is informed and believes that at all times relevant, *in personam* Defendants owned, operated, managed, maintained, controlled, chartered, and navigated the Vessel and employed its crew. Further, Plaintiff is informed and believes that all of the Defendants, including those sued as DOES 1 through 20, were and are the agents, partners, joint venturers, co-conspirators, principals, shareholders, servants, employers, alter egos, joint enterprise members, and employees and the like and at all times herein mentioned, acted within the course and scope of their authority and with the permission, ratification or consent of their Co-Defendants and thus are legally liable for damages, including punitive damages, resulting from the acts or omissions of the others.

8. Plaintiff is ignorant of the true names and capacities of the Defendants sued

SEAMAN'S COMPLAINT FOR PERSONAL
INJURIES – JONES ACT; UNSEAWORTHINESS;
MAINTENANCE AND CURE; AND STATUTORY
WAGES
Case No.                                     3

Case 3:22-cv-00228-JMK   Document 1   Filed 10/19/22   Page 3 of 12

herein as DOES 1 through 20 and therefore Plaintiff sues these Defendants by such fictitious names. Plaintiff will amend the Complaint to allege their true names and capacities when ascertained. In the meantime, Plaintiff is informed and believes that each of the fictitiously-named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were legally caused by such Defendants.

## II.

## FIRST CLAIM FOR RELIEF

(Jones Act Negligence Against All Defendants)

Plaintiff refers to and by that reference incorporates as though fully set forth herein each and every allegation contained in paragraphs 1 through 8, above.

9. In June of 2020, Plaintiff was employed by Defendants, and was working aboard the Vessel as a seaman under the general maritime law of the United States and the Jones Act at the specific request and for the benefit of the Vessel and Defendants.

10. On or about June 14, 2020, Plaintiff sustained an injury while engaged in fishing operations. At the time of the injury, Plaintiff was stacking net on the aft deck the Vessel. The net was being rolled up and out of the water by means of a power block at the top of the main boom. The power block was being operated by the Vessel Captain who was standing at the control console aft of the deck house. Plaintiff's injury happened when the power block operator suddenly and without warning reversed the power block, causing the net to move upward from the net pile. At the time the net was pulled upward, Plaintiff's foot became caught in the net and Plaintiff was jerked upward off the net pile, hanging from the net by his foot with his head at least four (4) to five (5) feet above the deck. Plaintiff's foot came out of his boot, causing him to fall to the deck. As a result of being jerked up off the net pile by his foot, and his subsequent fall, Plaintiff was severely injured, including without limitation, injuries to his head, neck, shoulders and back. Subsequent to the injury, Plaintiff's injuries were aggravated by Defendants' failure to provide prompt adequate medical care. Plaintiff was injured through no fault of his own

SEAMAN'S COMPLAINT FOR PERSONAL
INJURIES – JONES ACT; UNSEAWORTHINESS;
MAINTENANCE AND CURE; AND STATUTORY
WAGES
Case No.

Case 3:22-cv-00228-JMK   Document 1   Filed 10/19/22   Page 4 of 12

4

but as a legal result of the wrongful acts and/or omissions of the Defendants or their agents.

11. At all relevant times, Defendants were guilty of negligent or wrongful acts or omissions, including, but not limited to, the following:

    (a) failing to provide Plaintiff with a safe place in which to work, including, without limitation, failing to provide safe: apparel, equipment, lines, cables, rigging, knots, nets, power block, fittings, appliances, appurtenances, tackle, gear, tools, work methods, training, direct orders, standing orders or procedures and crew;

    (b) failing to use reasonable care under the circumstances to have the Vessel's net pile, decks, hardware, machinery, apparel, equipment, lines, cables, rigging, knots, nets, power block, fittings, appliances, appurtenances, tackle, gear, tools, work methods, training, direct orders, standing orders procedures and crew in such a seaworthy condition that Plaintiff would be able to perform his duties with reasonable safety;

    (c) for violating laws, statutes, regulations and/or industry standards enacted to promote safety of seamen and of life at sea;

    (d) failing to provide adequate safety measures;

    (e) failing to warn crewmembers working on and around the net pile that the power block was going to be reversed;

    (f) failing to control the power block in a fashion that would prevent a hazard to Plaintiff and others while they worked to retrieve and stack the net;

    (g) failing to have adequate maintenance and repair programs that ensured the seaworthy condition of the hardware, machinery, apparel, equipment, lines, rigging, cables, knots, nets, power block, fittings, appliances, appurtenances, tackle, gear, and tools that were involved in causing the Plaintiff's injury;

SEAMAN'S COMPLAINT FOR PERSONAL
INJURIES – JONES ACT; UNSEAWORTHINESS;
MAINTENANCE AND CURE; AND STATUTORY
WAGES
Case No.
5

Case 3:22-cv-00228-JMK   Document 1   Filed 10/19/22   Page 5 of 12

(h) failing to adequately and regularly inspect hardware, machinery, apparel, equipment, lines, rigging, cables, knots, nets, fittings, appliances, appurtenances, tackle, gear, and tools that were involved in causing the Plaintiff's injury prior to its use, and allowing the equipment to fall into such a state of disrepair as to be unseaworthy;

(i) failure to exercise due care in selecting competent master and crew;

(j) allowing dangerous or unsafe work or manner of work;

(k) failing to properly train and supervise its employees;

(l) negligent orders, instructions, or suggestions by Defendants' supervisors;

(m) failing to make inspections;

(n) failing to give warnings of a known hazard;

(o) failing to comply with industry custom and practices;

(p) failing to have proper safety and medical equipment on board the Vessel;

(q) failing to provide safety rules and/or safety training;

(r) failing to recognize danger and take corrective action;

(s) failing to perform a job hazard analysis; and

(t) failing to provide prompt adequate medical treatment aboard ship and provide prompt adequate maintenance and cure.

12. As a legal and factual result of the aforesaid negligent acts or wrongful acts or omissions, among others, Defendants breached the duty of care they owed to Plaintiff.

13. As a legal and factual result of the aforesaid negligent and/or wrongful acts or omissions, Plaintiff has sustained and will continue to sustain serious and grievous physical and emotional injuries. As a result of said injuries Plaintiff has sustained and will continue to sustain non-economic damages, including without limitation, damages for pain, suffering, emotional distress, and disfigurement.

14. As a further legal result of the aforesaid negligent and/or wrongful acts or omissions, Plaintiff has sustained and will continue to sustain economic damages, including and without limitation, damages for: the loss of past and future wages and

SEAMAN'S COMPLAINT FOR PERSONAL
INJURIES – JONES ACT; UNSEAWORTHINESS;
MAINTENANCE AND CURE; AND STATUTORY
WAGES
Case No.

Case 3:22-cv-00228-JMK   Document 1   Filed 10/19/22   Page 6 of 12

6

income, the loss of past and future earnings capacity, the cost of past and future medical expenses, the loss of past and future life care expenses and the loss of employment benefits including without limitation, Found.

### III.

### SECOND CLAIM FOR RELIEF

(Unseaworthiness Against All Defendants)

15. Plaintiff refers to and by that reference incorporates as though fully set forth herein each and every allegation contained in paragraphs 1 through 14, above.

16. At all times herein relevant, Plaintiff was acting in the service of the Vessel and Defendants and was performing duties of the type traditionally performed by a seaman.

17. At the time and place alleged herein, by the provisions of the General Maritime Law of the United States, Defendants and their agents, employees and servants warranted to Plaintiff that the Vessel, its hardware, machinery, apparel, equipment, lines, rigging, cables, knots, net piles, fittings, appliances, appurtenances, tackle, gear, tools, crewmembers, work methods, medical treatment and maintenance and cure policies were seaworthy and in compliance with applicable laws, statutes and regulations enacted for the safety of the crew.

18. Defendants and each of them breached this warranty in that the Vessel, its hardware, machinery, apparel, equipment, lines, rigging, cables, knows, nets, power block, fittings, appliances, appurtenances, tackle, gear, tools, crewmembers, work methods, medical treatment and maintenance and cure policies were neither seaworthy nor in compliance with applicable laws, rules and regulations enacted for the safety of the crew. Further, the congeries of negligent acts or omissions set forth in the First Claim for Relief were of such a duration as to become conditions of the Vessel and therefore, were further breaches of the warranty of seaworthiness.

19. As a legal and factual result of the aforesaid negligent and/or wrongful acts or omissions, Plaintiff has sustained and will continue to sustain serious and grievous

SEAMAN'S COMPLAINT FOR PERSONAL
INJURIES – JONES ACT; UNSEAWORTHINESS;
MAINTENANCE AND CURE; AND STATUTORY
WAGES
Case No.    7

Case 3:22-cv-00228-JMK   Document 1   Filed 10/19/22   Page 7 of 12

physical and emotional injuries. As a result of said injuries Plaintiff has sustained and will continue to sustain non-economic damages, including without limitation, damages for pain, suffering, emotional distress, and disfigurement.

20. As a further legal and factual result of the aforesaid negligent and/or wrongful acts or omissions, Plaintiff has sustained and will continue to sustain economic damages, including and without limitation, damages for: the loss of past and future wages and income, the loss of past and future earnings capacity, the cost of past and future medical expenses, the loss of past and future life care expenses and the loss of employment benefits including without limitation, Found.

21. As a further legal and factual result of the aforesaid unseaworthiness, Plaintiff is entitled to recover prejudgment interest on all damages awarded on this claim.

## IV.

## THIRD CLAIM FOR RELIEF

(Maintenance and Cure)

22. Plaintiff refers to and by that reference incorporates as though fully set forth herein each and every allegation contained in paragraphs 1 through 21, above.

23. By reason of the events set forth in the allegations above, Plaintiff became injured or ill and was disabled and is disabled from resuming any employment. Because of the serious and grievous injuries suffered by Plaintiff while in the service of the Vessel, he was entitled to receive from Defendants prompt and adequate maintenance and cure until he reached maximum cure. Defendants failed to provide promptly all maintenance and cure owed. As a legal and factual result of Defendants' failure to provide promptly all maintenance and cure owing, Plaintiff's injuries have been worsened, thereby entitling him to recover all damages and expenses, including pain and suffering and additional medical expenses as well as attorneys' fees and costs and other consequential special economic and general non-economic damages. Further, as a result of the aforesaid failure to pay promptly all maintenance and cure owing, Plaintiff has a senior maritime lien against the Vessel.

SEAMAN'S COMPLAINT FOR PERSONAL
INJURIES – JONES ACT; UNSEAWORTHINESS;
MAINTENANCE AND CURE; AND STATUTORY
WAGES
Case No.                                8

Case 3:22-cv-00228-JMK   Document 1   Filed 10/19/22   Page 8 of 12

24. Defendants' failure to provide and maintain the payment of prompt adequate medical care on the Vessel and maintenance and cure ashore has been with a willful and arbitrary disregard of their obligations under the law of maintenance and cure. As a legal and factual result, Plaintiff is entitled to recover additional damages, including, without limitation, reasonable attorneys' fees, and costs. For the purposes of the claim herein, recoverable attorneys' fees and costs include all reasonable attorneys' fees and costs expended on this case that are not solely related to the Jones Act and Unseaworthiness claims herein above alleged.

25. Defendants' failure to provide and maintain the payment of prompt adequate medical care on the Vessel and maintenance and cure ashore was also a willful, wanton, and/or reckless disregard of their obligations under the law of maintenance and cure. The willful, wanton, and/or reckless acts were consented to, ratified, or participated in by the management of Defendants or their managing agents. As a legal and factual result, Plaintiff is entitled to recover general punitive damages.

26. As a further legal and factual result of Defendants' disregard of its obligations under the law of maintenance and cure, Plaintiff is entitled to recover prejudgment interest on all damages awarded on this claim.

V.

**FOURTH CLAIM FOR RELIEF**

(Statutory Wages for Violation of 46 U.S.C. §§ 10601, 10602 and 11107)

27. Plaintiff refers to and by that reference incorporates as though fully set forth herein each and every allegation contained in paragraphs 1 through 26, above.

28. At all times relevant, Plaintiff was employed by Defendants as a commercial fisherman without a valid or enforceable written fishing agreement or contract of employment. Among other things, Defendants did not enter into a fishing agreement or contract of employment that satisfies the requirements of 46 U.S.C. § 10601 and other sections of 46 U.S.C. Part G—*MERCHANT SEAMEN PROTECTION AND RELIEF ACT*. Moreover, any alleged fishing agreements or contracts of employment between Plaintiff

SEAMAN'S COMPLAINT FOR PERSONAL
INJURIES – JONES ACT; UNSEAWORTHINESS;
MAINTENANCE AND CURE; AND STATUTORY
WAGES
Case No. 9

Case 3:22-cv-00228-JMK   Document 1   Filed 10/19/22   Page 9 of 12

and Defendants were not properly formed or enforceable under applicable laws, treaties or conventions including, without limitation, 46 U.S.C. § 11107, the Maritime Labour Convention of 2006, the laws protecting seamen as wards of admiralty and the law of adhesion, duress, coercion, mistake and unconscionability. Consequently, any fishing agreement or contract of employment agreement alleged by Defendants is null and void.

29. By reason of the Defendants' violations of the law, including but not limited to Defendants' failure to have valid signed fishing agreements, as required by 46 U.S.C. § 10601, or to provide an accounting of the catch as required by 46 U.S.C. § 10602, Plaintiff is entitled under 46 U.S.C. § 11107 to statutory wages or the like measured by the higher of any agreed rate for the seaman or the highest rate for any seaman at the port where Plaintiff was engaged, the exact amount to be proven at trial.

30. By reason of Defendants' willful and arbitrary or willful and wanton and/or reckless disregard of Plaintiff's rights under the wage laws, Plaintiff is entitled to punitive damages, including, without limitation, general punitive damages and attorneys' fees and costs. As a further legal and factual result of Defendants' disregard of its obligations under the law of maintenance and cure, Plaintiff is entitled to recover prejudgment interest on all damages awarded on this claim.

# VI.
# PRAYER

A. That process in due form of law, according to the practices of this Honorable Court in causes of admiralty and maritime jurisprudence may issue against the F/V DEER COVE, U.S. Coast Guard Official number 925243, her engines, tackle, apparel, furniture, fishing rights, permits, licenses, cargo and appurtenances, and that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular the matters; that Plaintiff have a judgment for Plaintiff's damages aforesaid, with interest and costs; and that F/V DEER COVE be condemned to satisfy Plaintiff's judgment;

SEAMAN'S COMPLAINT FOR PERSONAL
INJURIES – JONES ACT; UNSEAWORTHINESS;
MAINTENANCE AND CURE; AND STATUTORY
WAGES
Case No.  10

Case 3:22-cv-00228-JMK   Document 1   Filed 10/19/22   Page 10 of 12

B. That process in due form of law according to the practice of this Honorable Court issue against Defendants, citing them to appear and answer all and singular the matters aforesaid;

C. That Plaintiff may have judgment on ALL CLIAMS FOR RELIEF against all Defendants for his general non-economic, special economic, punitive damages and other allowable damages in an amount in excess of the jurisdictional requirements of the Court;

D. That Plaintiff may have judgment on ALL CLAIMS FOR RELIEF against all Defendants for his reasonable attorneys' fees and costs in an amount according to proof at trial;

E. That Plaintiff may have judgment on his SECOND, THIRD AND FOURTH CLAIMS FOR RELIEF for prejudgment interest in an amount according to proof at trial and the law; and

F. That Plaintiff be awarded such other and further relief as this Honorable Court deems just and proper.

DATED: October 19, 2022

By: /s/ *Jack Poulson*
Jack Poulson, Esq.
Alaska Bar No. 8711104
POULSON & WOOLFORD, LLC
Attorneys for Plaintiff CODY GRIGG

## VII.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all claims for relief.

DATED: October 19, 2022

By: /s/ *Jack Poulson*
Jack Poulson, Esq.
Alaska Bar No. 8711104
POULSON & WOOLFORD, LLC
Attorney for Plaintiff CODY GRIGG

SEAMAN'S COMPLAINT FOR PERSONAL
INJURIES – JONES ACT; UNSEAWORTHINESS;
MAINTENANCE AND CURE; AND STATUTORY
WAGES
Case No.

Case 3:22-cv-00228-JMK   Document 1   Filed 10/19/22   Page 11 of 12

11

## VIII.

## VERIFICATION

I, CODY GRIGG, hereby declare in accordance with the law:

1. That I am the Plaintiff in the above-entitled action.

2. That I have read the foregoing VERIFIED SEAMAN'S COMPLAINT FOR PERSONAL INJURIES – NEGLIGENCE; UNSEAWORTHINESS; MAINTENANCE AND CURE; AND STATUTORY WAGES; DEMAND FOR JURY TRIAL ("Complaint") and know the contents thereof and the same is true and correct to the best of my knowledge.

3. That the source of my knowledge of the nature, cause and extent of my injuries and damages include, without limitation, my personal observations and recollections of my employment aboard the F/V DEER COVE, my personal knowledge of the Accident that occurred aboard the F/V DEER COVE on or about June 14, 2020, and my injuries and damages resulting therefrom, my discussions with crew member witnesses to the Accident and my conversation with my treating doctors; and research into the State of Alaska concerning Defendants performed on my behalf.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my belief and that this Declaration is executed at ___Jesup___, ___Georgia___ on October _17_, 2022.

_____
CODY GRIGG

SEAMAN'S COMPLAINT FOR PERSONAL
INJURIES – JONES ACT; UNSEAWORTHINESS;